Maria Elena CABRERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 68207.

Court of Criminal Appeals of Texas,
En Banc.

March 16, 1983.

Rita Rodriguez, on appeal only, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Leo B. Garcia, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of interference with child custody; V.T.C.A. Penal Code, Section 25.03. The punishment is imprisonment for 4 years.

It is alleged that the appellant intentionally and knowingly took Armando Quinones, a child younger than 18 years, out of this State when she knew this violated a temporary order disposing of the child's custody. The appellant in one ground of error urges that the evidence is insufficient to show that she knew the taking of her child violated a temporary order of the court providing for the child's custody.

The court's order was served on the appellant in the sheriff's office by a deputy at 3:10 p.m. on July 14, 1980. Armando Quinones, who was less than 2 years old, was in the hospital at that time. The appellant "snuck" him from his hospital room at approximately 11:00 p.m. and took him to Mexico.

The officer who served the appellant with the order did not explain it to her. She went immediately to the legal aid office where a secretary told her no lawyers were then available. The secretary looked at the papers and, without any further explanation, told appellant she was to appear in court on July 17 and to bring her daughter with her. The appellant testified she could not read English and that no one explained the order to her; she didn't remember whether or not the secretary kept the order or what happened to it.

Although appellant testified through an interpreter, she said she understood some English. While she was at the sheriff's office where the order was served, she

heard an officer, other than the one who served her, ask if she had brought her daughter with her. He was told she had not. That officer then said they had her son and she would never get him back. This conversation which she heard at the sheriff's office, she testified, prompted her to take her son Armando Quinones from the hospital and take him to Mexico.

The issue may be narrowed and decided on a basis other than whether the appellant could read the order or whether the order had been explained to her. The order is not sufficient to give her notice that her son's custody had been taken from her. The order, which is appended to this opinion, does not name or mention Armando Quinones except in the caption.

The caption which names the parties is not a part of the order. Chief Justice Marshall, writing for the Supreme Court in *Jackson v. Ashton,* 33 U.S. (8 Pet.) 148, 8 L.Ed. 898 (1834), held that the caption of a pleading was not a part of the pleading, and where the only allegation of jurisdiction was in the caption the lower courts did not have jurisdiction of the case.

Since the caption of the order in this case is not a part of the order, the body of the order is not, as a matter of law, specific enough to give the appellant notice that the custody of her son had been taken from her, and that if she did what she did she could be convicted of a felony. The evidence is insufficient to support the conviction.

The judgment is reversed and the judgment is reformed to show an acquittal. *Burks v. U.S.,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

Opinion approved by the court.

W.C. DAVIS, J., dissents.

ONION, P.J., not participating.

APPENDIX