**Walter Ray SAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–88–00624–CR, 10–88–00625.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 11, 1989.

Discretionary Review Refused
July 26, 1989.

Mark W. Stevens, Galveston, for appellant.

Michael J. Guarino and Mark J. Kelly, Crim. Dist. Attys., Galveston, for appellee.

Before EVANS, C.J., and O'CONNOR and DUGGAN, JJ.

## OPINION

O'CONNOR, Justice.

A jury convicted Walter Ray Sam, appellant, of injury to a child and robbery. Because both offenses arose out of the same incident, the State tried appellant for both offenses in the same trial. The trial court found two enhancement paragraphs true and assessed punishment at 35 years confinement in each cause.

Charlotte Mitcheltree, the complainant, operates the restaurant at the Seamen's Center in Galveston. Ms. Mitcheltree also works part-time as a volunteer chaplain at the Galveston port. On November 23, 1987, after closing the restaurant at 10 p.m., she drove Genevieve Sam, her employee, home in her van. Ms. Mitcheltree's four-and-a-half-year-old granddaughter went with them.

Although Ms. Mitcheltree usually dropped Mrs. Sam off in front of her house, that night Mrs. Sam asked to be let off in the alley. When Ms. Mitcheltree stopped in an alley, she saw a black man walking toward the van. As Mrs. Sam opened the door to get out, the man grabbed her and threw her to the ground. He then reached in the van, grabbed the granddaughter, and threw her to the back of the van. The granddaughter hit her head on a table in the van. The man then grabbed Ms. Mitcheltree's purse and struggled with her over the restaurant money bag. After he took the money bag away from her, he left the scene. Ms. Mitcheltree called the police from a nearby telephone booth. When the police arrived, they found Mrs. Sam's purse, but her keys and wallet were missing.

In his first point of error, appellant contends the trial court should have granted his motion to suppress Ms. Mitcheltree's in-court identification because a pre-trial identification was unnecessarily suggestive.

Ms. Mitcheltree first identified appellant, not in a police line-up, but during a court appearance in another case. At the motion to suppress hearing, Ms. Mitcheltree testified that Mrs. Sam told her that Walter Ray Sam, her husband's cousin, had robbed them at knife point a few days after the attack in the van. She said her husband had turned appellant in to the police for that crime. Because of this information, Ms. Mitcheltree thought appellant might also be the same man who had attacked them in the van. Mrs. Sam mentioned that she was going to be a witness in court on November 30, 1987, for a hearing in appellant's robbery case. Ms. Mitcheltree, on her own initiative, went to the courthouse to see if appellant was the same man who robbed and attacked them in the van. At the courthouse, she asked a receptionist where appellant's trial was going to be. She directed her to the courthouse annex. While standing in the hallway waiting for Mr. and Mrs. Sam, she saw appellant as he walked by a window to a waiting room off the courtroom. She said appellant looked straight at her. There were two other black men and one woman in the room, and they were all dressed in what Ms. Mitcheltree described as operating room clothes. She did not recognize the green suits as prison uniforms. When she saw appellant, she "went to pieces."

Ms. Mitcheltree testified she did not talk to any officers that morning. The only time she talked to police officers was the night the man attacked her in the van. No one sent her to the courthouse, and no one suggested she look in that window. She was the only witness who testified at the suppression hearing.

If a pre-trial encounter is "unnecessarily suggestive and conducive to irreparable mistaken identification," it violates the accused's due process rights. *Garza v. State*, 633 S.W.2d 508, 512 (Tex.Crim.App. 1981) (op. on reh'g). Even if the identification procedure is suggestive and unnecessary, the admission of the identification testimony does not violate due process if the identification is "sufficiently reliable." *Garza*, 633 S.W.2d at 512–13.

Appellant argues that the confrontation was unnecessarily suggestive because the State arranged the encounter. He contends Ms. Mitcheltree went to the courthouse because the State had convinced her

that the robbery was a "set up." Ms. Mitcheltree said no one prompted or influenced her identification of appellant. She said she went to the courthouse on her own.

Appellant also argues that Ms. Mitcheltree's identification was not reliable because she had earlier identified other persons as the robber. Ms. Mitcheltree denied that she ever told the police that anyone other than appellant committed the crime.

■ In determining if an identification procedure is unnecessarily suggestive or unreliable, we view the totality of the circumstances and consider: (1) the witness' opportunity to view, (2) the witness' degree of attention, (3) the accuracy of the first description, (4) the witness' level of certainty, and (5) the time between the crime and the confrontation. *Garza*, 633 S.W.2d at 513.

■ Ms. Mitcheltree testified she saw appellant as he walked toward the van. During the attack, the inside lights were on in the van. She got a "good look" at appellant. He "stuck his face straight in front of my face," about 10 to 12 inches away. She thought appellant was in the van about five minutes. She described the assailant to the police as a black man, about 35 to 36 years old, and six feet tall. She said he had a thin build, brown eyes, and black hair, and was wearing a "slouch hat."

Ms. Mitcheltree saw appellant at the courthouse seven days after the offense. He was six inches taller than she remembered. She recognized him, however, because "of his unusual facial features and because his skin was so shiny." "The thing I remember most was how shiny his skin was and the eyes and the nose."

We conclude there is no evidence to show a suggestive confrontation between Ms. Mitcheltree and appellant that would lead to irreparable misidentification. Further, the circumstances show Ms. Mitcheltree's testimony was reliable and properly admissible.

We overrule point of error one.

■ In his second point of error, appellant argues the evidence is insufficient to support his conviction on the two charges. We view the evidence in the light most favorable to the verdict. We look at the evidence under this test to decide if a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, —— U.S. ——, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The jury, as trier of fact, is the sole judge of the witnesses' credibility. It may accept or reject any part of a witness' testimony. *Id.*

■ Appellant called Mrs. Sam to testify as his witness. She testified that appellant had not attacked them. She claimed a man larger than appellant attacked them. (Appellant is six and a half feet tall.) According to Mrs. Sam, Ms. Mitcheltree had earlier identified three different men as the assailant. Mrs. Sam maintained she told Ms. Mitcheltree that appellant was going to appear in court because he had a fight with her husband. She denied telling Ms. Mitcheltree that appellant was going to be in court because he had robbed them.

The State called Officer Darrell Oliver as a rebuttal witness after appellant rested. Oliver testified that he interviewed Mrs. Sam after the attack in the van. He testified she was uncooperative and told him she could not give him any information about the person who attacked them in the van. She refused to identify appellant as the person who attacked them. When Oliver asked her if appellant robbed Ms. Mitcheltree, she responded, "I can't say one way or another."

Ms. Mitcheltree positively identified appellant as the man who robbed her and injured her granddaughter. Despite conflicting testimony, a rational jury could have found appellant committed the offenses. *See Esquivel v. State*, 506 S.W.2d 613, 615 (Tex.Crim.App.1974).

We overrule appellant's second point of error and affirm the judgment.