Robert Edward TISSIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–00083–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 1, 1990.

Rehearing Denied July 19, 1990.

Discretionary Review Refused Sept. 19, 1990.

---

Dinah Acord Bailey, Bauley & McGregor, Michael J. Hinton, Hinton, Sussman & Bailey, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Harris County, Winston E. Cochran, Jr., William Hawkins, Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and HUGHES, JJ.

## OPINION

EVANS, Chief Justice.

A jury found appellant, Robert Tissier, guilty of the felony offense of injury to a child, and assessed his punishment at confinement for 35 years and one day.

Appellant lived with the five-year-old complainant's mother, and took care of the complainant while the complainant's mother was away at work.

The complainant's injury was discovered when the complainant's mother took him to a pediatrician. The complainant had been vomiting for several days, and his mother thought he had caught a virus from which she and appellant had just recovered. The pediatrician diagnosed the complainant's problem as dehydration with vomiting, and referred him to the county hospital for intensive treatment. Based on the child's medical history given by the complainant's mother, the admitting physician first diagnosed the complainant's problem as a viral condition of the stomach. The physician placed the child on a 24–hour liquid diet. The child showed little improvement, how-

ever, so the physician performed an ultrasound test, and determined that the complainant suffered from a duodenum hematoma, a blood clot blocking the small intestine.

The complainant stayed in the hospital for approximately two weeks. During that time, he eventually told the treating doctor that appellant had hit him in the stomach one day when his mother was not at home. During his hospitalization, however, the complainant gave several contradictory statements about what had occurred. He first told two social workers from Children's Protection Services that he had hurt himself while exercising, but later, he changed his story and told them he had been injured when appellant's Doberman pinscher had knocked him down. He then started to cry and said that his "daddy" had hit him in the stomach. When the treating physician later asked the complainant about these contradictory statements, the complainant told him that appellant had visited him in the hospital and told him not to tell anyone what had happened.

The complainant's mother testified that, approximately one week before the complainant's admission to the hospital, he had been injured while riding a motorcycle with appellant. She also testified that the Doberman pinscher had jumped on complainant and pushed him down. She further testified that she was aware of "wrestling matches" between appellant and her son which, according to several other witnesses, were excessively rough for a five-year-old child. Appellant denied he had ever hit the complainant in the stomach, and he denied that he had ever told complainant not to tell anyone that appellant had hit him in the stomach.

■ In his first point of error, appellant asserts that the trial court committed reversible error in its instruction to the jury regarding the elements of the felony offense of injury to a child. Specifically, appellant contends the trial court erroneously refused to limit the definition of the word "intentionally" in the court's charge, and that this error allowed the jury to convict appellant without finding that he

intended or knew that serious bodily injury would result from his conduct.

Appellant was charged with intentionally or knowingly engaging in conduct that caused serious bodily injury to a child younger than 15 years of age. Over the objection of appellant's counsel, and despite the protests of the prosecutor, the trial court instructed the jury with the full text of the language set forth in Tex. Penal Code Ann. sec. 6.03(a) (Vernon 1974):

A person acts intentionally, or with intent, with respect to *the nature of his conduct or to* a result of his conduct when it is his conscious objective or desire *to engage in the conduct or* cause the result.

(Emphasis added.)

Appellant objected to the charge, arguing that the definition of "intentionally" should not have included the emphasized words, relating to "the nature of" appellant's conduct, and should have focused only on "the result of" appellant's conduct.

Both the State and the defense agree that the disposition of this point of error is governed by the decision of the Texas Court of Criminal Appeals in *Alvarado v. State*, 704 S.W.2d 36 (Tex.Crim.App.1985). There, as in this case, defense counsel argued that in an injury to a child case, the focus of the applicable culpable mental state should be on the "result of conduct." In that case, defense counsel asked the trial court to "limit the definition of the culpable mental states" by giving the following definition:

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause such result.

In *Alvarado*, as here, the trial court denied the requested charge, and instead charged the jury with the full content of the language set forth in section 6.03(a). On appeal, the Court of Criminal Appeals reversed the conviction, holding that the nature of the accused's conduct, in an injury to a child case, is inconsequential, and that "what matters is that the conduct (whatever it may be) is done with the required culpability to effect the result the

legislature has specified." *Alvarado*, 704 S.W.2d at 39.

In *Alvarado*, the defendant was charged with injury to a child by placing him, fully clothed, in a bathtub full of water which was hot enough to cause the child to be seriously burned. The defendant testified she had been angry at the child for resisting his bath and refusing to disrobe, and that she had placed the child in the hot water without first testing it. She denied, however, that she knew the water was hot enough to cause serious bodily injury. The Court of Criminal Appeals held that the trial court's failure to limit its charge on the applicable culpable mental states constituted reversible error, stating that "no matter how incredible" the accused's defense may have been, she was entitled to have the jury properly instructed on all matters affecting her defense. *Alvarado*, 704 S.W.2d at 40.

A more recent case, *Kelly v. State*, 748 S.W.2d 236 (Tex.Crim.App.1988), involved the result oriented offense of injury to an elderly individual. As in the case before this Court, the definition of "intentionally" submitted to the jury did not focus on the result of the conduct. *Id.* at 238. The Court of Criminal Appeals held that the trial court's charge constituted error, and the appellant was entitled to his requested jury charge in accordance with *Alvarado* and *Beggs v. State*, 597 S.W.2d 375 (Tex. Crim.App.1980). *Kelly*, 748 S.W.2d at 239.

We are required to follow the decisions of the Texas Court of Criminal Appeals in *Alvarado* and *Kelly*, and we accordingly hold that the court's charge in the instant case was erroneous.

A point of error complaining of the trial court's instruction to the jury must be reviewed, first to determine whether the charge was erroneous, and second, to decide whether the error, if any, caused sufficient harm to the defendant as to require a reversal of the conviction. *Almanza v. State*, 686 S.W.2d 157, 159 (Tex.Crim.App. 1985). If the error has been properly preserved at trial, any harm, regardless of the degree, is sufficient to require a reversal of the conviction. *Gibson v. State*, 726 S.W.2d 129, 133 (Tex.Crim.App.1987) (op. on reh'g).

In this case, appellant properly preserved error at trial, and the question, therefore, is whether any harm resulted to appellant that would require a reversal of the conviction. There was some evidence, if believed by the jury, that tended to show appellant could have hit the child in the stomach without intending or knowing that serious bodily injury would result from his conduct. Thus, the court's erroneous charge did result in some harm to appellant, and the conviction must be reversed. *Gibson*, 726 S.W.2d at 133.

We accordingly sustain appellant's first point of error.

■ We next consider appellant's twelfth point of error, in which he contends that the evidence is insufficient to support the conviction.

In reviewing this point of error, we must determine whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). If the evidence supports an inference other than appellant's guilt, the jury's finding of guilt beyond a reasonable doubt is not a rational finding. *Denby v. State*, 654 S.W.2d 457, 464 (Tex.Crim.App. [Panel Op.] 1983) (op. on reh'g).

Appellant argues, under this point of error, that the evidence does not exclude a reasonable hypothesis that the complainant was injured by the Doberman pinscher, when the dog jumped on him and made him fall against a coffee table. Appellant refers to testimony of the treating physician to the effect that, if an animal, such as a Doberman pinscher, had caused the child to fall and hit his stomach area on the end of the coffee table, such circumstance could be one possible explanation for the child's injury.

The evidence presented by the defense, about the result of the dog's jumping on the complainant, was uncertain and somewhat conflicting. The complainant did testify that the dog jumped on him and

knocked him down, but neither the complainant nor any other witness could remember when the incident occurred. Apparently, the dog had jumped on the complainant several times. The complainant's mother testified the dog hit the complainant in the back, which would cause the front part of his body to hit the table. The complainant, however, testified that he struck the table with his back.

It was the prerogative and duty of the jury to weigh and consider all of the evidence presented, and to resolve any conflicts or inconsistencies in the evidence. *City of Arlington v. Wayland*, 711 S.W.2d 234, 237 (Tex.App.—Fort Worth 1985), *rev'd on other grounds*, 711 S.W.2d 232 (Tex.1986). Here, the jury was entitled to resolve the evidence in the State's favor, and it was not required to repudiate beyond a reasonable doubt the hypothesis that the complainant's injury was occasioned by his striking the table with his stomach after being knocked down by the dog.

The twelfth point of error is overruled.

In view of the reversal and remand of the cause, we will consider several additional points of error involving issues that are likely to recur on a retrial of the cause.

In his second and third points of error, appellant contends the trial court committed reversible error in refusing his requested instructions that would have charged the jury on the lesser included offenses of "recklessly" or "negligently" causing serious bodily injury to the complainant.

To determine whether a charge on a lesser included offense is warranted, we must determine: (1) whether the lesser included offense is within the proof necessary to establish the offense charged; and (2) whether there is evidence in the record that, if the accused is guilty, he is guilty only of the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981).

Here, the indictment charged that appellant intentionally and knowingly engaged in conduct that caused serious bodily injury to a child younger than 15 years of age, by hitting the child with his hand.

The State argues that appellant could only be charged with the lesser included offense if the lesser offense includes the act of using his hand, because that is the offense alleged in the indictment. Otherwise, the State argues, the lesser offense would not be included "within the proof necessary" to establish the crime charged.

The State does not cite any authority in support of this argument, and we are not persuaded by it. We conclude that the lesser included offenses of recklessness and negligence simply require a less culpable mental state than does an offense which requires proof of an intentional act. *See Williams v. State*, 680 S.W.2d 570, 577 (Tex.App.—Corpus Christi 1984), *rev'd on other grounds*, 692 S.W.2d 100 (Tex.Crim. App.1985); *Sanders v. State*, 664 S.W.2d 705, 709–11 (Tex.Crim.App.1982); Tex.Code Crim.P.Ann. art. 37.09(3) (Vernon 1981).

We next consider whether there is evidence from any source, including appellant's own testimony, that, if he is guilty at all, he is guilty only of the lesser included offenses. The testimony of the defense witnesses could present several hypothesis of the complainant's injury, which, if believed by the jury, might have established that appellant did cause the complainant's injury as a result of reckless or negligent conduct, as opposed to an intentional act. There was evidence that, approximately 10 days before the complainant's injury was discovered, he fell from a motorcycle appellant was driving; there was evidence of a wrestling match between appellant, appellant's son, and the complainant, during which appellant fell on top of the complainant; and, there was also the evidence concerning the Doberman pinscher and the coffee table. Thus, there was some evidence that, if appellant was guilty, he was guilty only of reckless or negligent conduct, and appellant was entitled to have the lesser included offense charges submitted to the jury. *See Hunter v. State*, 647 S.W.2d 657, 658–59 (Tex.Crim.App.1983); *Hobson v. State*, 644 S.W.2d 473, 477 (Tex. Crim.App.1983).

We accordingly sustain appellant's second and third points of error.

In appellant's sixth point of error, he contends that the trial court erred in admitting the treating physician's testimony concerning the complainant's statements, that appellant had hit him in the stomach, and had later told him not to tell anybody about it.

Appellant contends that this testimony was inadmissible, and, in support of his contention, appellant cites *Hassell v. State*, 607 S.W.2d 529 (Tex.Crim.App.1981). In that case, a doctor testified that two days after making a diagnosis that the complaining witness had a pain in her abdomen caused by a duodenum hematoma, she was told by the complaining witness that her mother had hit her in the stomach with a broom. On appeal, the court held that the complainant's statement to the doctor was not within any recognized exception to the hearsay rule, because the doctor had not used the statement as a basis for his opinion. Thus, the court concluded that the testimony was inadmissible. *Id.* at 531.

The decision in *Hassell* was rendered before the adoption of Tex.R.Crim.Evid. 803(4), which now provides:

> Statements made for the purpose of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment, are admissible and excluded from the hearsay rule.

As the San Antonio Court of Appeals explained in *Macias v. State*, 776 S.W.2d 255, 259 (Tex.App.—San Antonio 1989, no writ), this rule explicitly includes statements of the "inception or general character of a cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment."

We note that the Texas rule is identical to Fed.R.Evid. 803(4), and that the advisory committee has made the following comment about the rule:

> Statements as to fault would not ordinarily qualify under this latter language. Thus a patient's statement that he was struck by an automobile would qualify but not his statement that the car was driven through a red light.

Fed.R.Evid. 803 advisory committee note.

This comment raises a question whether, in a child injury case, a child's statements regarding fault, made to a physician during treatment or diagnosis, would be admissible under the rule. We find no Texas cases squarely in point, but we are allowed to look to federal case law as appropriate precedent because the federal and Texas rules have identical language. *See Campbell v. State*, 718 S.W.2d 712, 715–17 (Tex. Crim.App.1986).

In *United States v. Renville*, 779 F.2d 430 (8th Cir.1985), a child's statement to a doctor identifying an assailant in a sexual assault was held admissible under Fed.R. Evid. 803(4). There, the court held that a statement made by a child abuse victim to a physician during a medical examination, identifying the abuser as a member of the victim's immediate household, was a statement that is "reasonably pertinent to the treatment." The court reasoned that this kind of statement differs from statements of fault, as identified by the advisory committee, because it is a statement reasonably relied on by a physician in treatment or diagnosis. Thus, the court held that the general rule of banning statements of fault would not apply to such statements in child abuse cases. *Id.* at 437. The court also noted that "physicians have an obligation, imposed by state law, to prevent an abused child from being returned to an environment in which he or she cannot be adequately protected from recurrent abuse." Texas has such a statute. Tex.Fam.Code Ann. sec. 34.02(d) (Vernon 1986).

We hold that the trial court did not err in admitting the testimony of the treating physician, and we accordingly overrule appellant's sixth point of error.

We also overrule appellant's fourth point of error, which is premised on the view that the trial court's ruling on the admissibility of the testimony of the treating physician constituted reversible error.

In view of our determination that the conviction must be reversed and the cause

remanded for a new trial, we do not consider appellant's remaining points of error.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.