NO. 12-03-00414-CR
NO. 12-03-00415-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


DANIEL LEE KNOD,                                       §     APPEAL FROM THE 173RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,                                  §     HENDERSON COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Daniel Lee Knod pleaded guilty to two counts of interference with child custody and was
sentenced to eight months of confinement on each count, with the sentences to run concurrently.


 
In one issue, Appellant contends that the trial court erred by denying his motions to quash the
indictments. We affirm.
Background
            On July 30, 2003, Appellant was indicted in cause number C-12,002 (12-03-00414-CR)
for 
 
intentionally and knowingly [taking] DEVIN ANTHONY KNOD, a child younger than 18 years
of age, when the said defendant knew that said taking violated the express terms of a judgment and
order disposing of the child’s custody, to-wit: Possession Order in the Final Decree in cause 97-64,
in the 3rd Judicial District Court of Henderson County, Texas, styled In the Matter of the Marriage
of Sherry Ann Knod and Daniel Lee Knod and in the interest of DANIEL LEE KNOD, JR. and
DEVIN ANTHONY KNOD, minor children, in that the defendant was allowed to have supervised
visitation each Wednesday and Saturday. 
 
            In cause number C-12,003 (12-03-00415-CR), Appellant was charged with the same
offense, but the indictment alleged that he had intentionally and knowingly taken Daniel Lee Knod,
Jr. in violation of the same court order. 
            On October 7, Appellant filed a “Motion to Quash Indictment and Exception to Substance
of Indictment” in both cases, arguing that the trial court should 
 
set aside said indictment upon the grounds it does not appear from therefrom [sic] that an offense
against the law was committed by the defendant in violation of Article 27.08(1) of the Texas Code
of Criminal Procedure in that there is no reference to an [sic] prospective order to take effect when
the children at issue turn 3 years old as required under Section 153.252 of the Texas Family Code.
 
            The trial court heard arguments on Appellant’s motions on October 13 and denied both at
the conclusion of the hearing. Appellant now challenges the trial court’s denial of those motions. 

Review of Ruling on Motions to Quash
            Appellant contends that the final divorce decree alluded to in the indictment did not contain
a prospective visitation order that would take effect when the children at issue turned three years old,
as mandated by section 153.254 of the Texas Family Code. See Tex. Fam. Code Ann. § 153.254
(Vernon 2005). Because the decree did not render a prospective order, the standard possession order
is presumed to apply after the children reach their third birthday. See In re Bertram, 981 S.W.2d
820, 828-29 (Tex. App.–Texarkana 1998, no pet.). Appellant argues that the standard possession
order in the Family Code does not have any provisions for “supervised visitation each Wednesday
and Saturday”; therefore, he could not have violated the final divorce decree. Since he did not
violate the divorce decree, Appellant argues, it does not appear from the face of the indictment that
he committed an offense against the law. 
Standard of Review and Applicable Law
            A written instrument is an indictment or information under the constitution if it accuses
someone of a crime with enough clarity and specificity to identify the penal statute under which the
State intends to prosecute, even if the instrument is otherwise defective. Duron v. State, 956 S.W.2d
547, 551 (Tex. Crim. App. 1997). There is no exception to the substance of an indictment or
information except the following: 
 
1.That it does not appear therefrom that an offense against the law was committed by the
defendant;
 
2.That it appears from the face thereof that a prosecution for the offense is barred by a lapse
of time, or that the offense was committed after the finding of the indictment;
 
3.That it contains matter which is a legal defense or bar to the prosecution; and
 
4.That it shows upon its face that the court trying the case has no jurisdiction thereof.
 
Tex. Crim. Proc. Code Ann. art. 27.08 (Vernon Supp. 2004-2005).
            We review a trial court’s ruling on a motion to quash using the abuse of discretion standard. 
Thomas v. State, 621 S.W.2d 158, 164 (Tex. Crim. App. 1980). To establish an abuse of discretion,
the appealing party must show that the trial court’s ruling lies outside the “zone of reasonable
disagreement.” Dubose v. State, 915 S.W.2d 493, 496-97 (Tex. Crim. App. 1996). 
Analysis
            A person commits an offense if the person takes or retains a child younger than 18 years
when the person knows that the person’s taking or retention violates the express terms of a judgment
or order of a court disposing of the child’s custody. Tex. Pen. Code Ann. § 25.03(a)(1) (Vernon
Supp. 2004-2005). The indictments alleged that Appellant took his sons who were younger than 18
years of age when he knew that the taking violated the custody orders contained in the final divorce
decree. These indictments clearly and specifically stated conduct by Appellant that constituted a
crime under section 25.03(a)(1) of the Texas Penal Code. The allegations by the State did not omit
any elements of the offense that would constitute a defect in the substance of the indictment. 
See Studer v. State, 799 S.W.2d 263, 267 (Tex. Crim. App. 1990) (holding that a substance defect
is, among other things, a failure to allege an element of an offense in the charging instrument);
Briggs v. State, 807 S.W.2d 648, 653 (Tex. App.– Houston [1st Dist.] 1991, pet. ref’d) (indictments
alleging offense under section 25.03 were sufficient to give notice of the offense charged even
though they did not set forth the express terms of the order or judgment alleged to have been
violated; indictments set forth the issuing court, the cause number, and the matter disposed of by the
order or judgment). 
            Accordingly, we hold that the trial court did not abuse its discretion by overruling Appellant’s
motions to quash. Appellant’s sole issue is overruled.

Disposition
            The judgment of the trial court is affirmed.
 

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered June 15, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.












(DO NOT PUBLISH)