## FRED BELL v. THE STATE.

No. 12265.   Delivered January 30, 1929.
Rehearing granted March 6, 1929.

The opinion states the case.

*Storey, Leak & Storey* of Vernon, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment a fine of twenty-five dollars and confinement in jail for thirty days.

The state's attorney moves to dismiss the appeal. The motion must be granted. We note that the trial court ordered that appellant be brought into open court for the purpose of giving notice of appeal. The record fails to disclose that such notice was given and entered of record. Among other things, Article 827 C. C. P. provides:

"If notice of appeal is given at the term at which the conviction is had and the same is not entered of record, then by making proof of the fact, the judge of the court trying the cause shall order the same entered of record either in term time or vacation by entering in the minutes of his court an order to that effect. Said entry when so made shall bear date as of date when notice of appeal was actually given in open court."

If appellant in fact gave notice of appeal and same was not entered of record, he may avail himself of the provisions of the article above quoted in order that the trial court may direct that notice of appeal be entered of record. In the absence of such notice this court is without jurisdiction. Hughes v. State, 9 S. W. (2d) 1109.

We note that it is recited in appellant's brief that appellant entered into recognizance on appeal. The recognizance is not brought forward in the record.

The appeal is dismissed. Appellant is granted fifteen days in which to perfect the record in the particulars mentioned.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON REHEARING.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Appellant's wife had been awarded a divorce from him. She had been given the custody of their two children. Under the order of the court, appellant was granted the right to visit his children at reasonable times. On the occasion of the difficulty, appellant had gone to the home of Troy Erwin, where his wife and children were staying, for the purpose of seeing his children. According to the testimony of the state, a controversy arose between appellant and his wife about the children. State's witnesses testified that appellant cursed and abused his wife, knocked her down and beat her. Mattie Erwin, the injured party, testified that she interfered with appellant and that he chocked her. Thereupon Mattie Erwin's brother-in-law knocked appellant down and beat him. Appellant left the house and was given a second beating by the same party in a field nearby. Appellant testified that Mattie Erwin held a Winchester on him while he was being beaten. Appellant lay in an unconscious condition in the field until the sheriff came and arrested him. Appellant denied that he attacked Mattie Erwin. He testified that he was preparing to take one of his children to his mother's for a visit when his wife ran to the car where the child was seated and forbade the child leaving the place; that his wife grabbed at the door of the car and opened the catch; that he was holding the door and that when he released it she fell back into the yard; that he got out of the car and that he and his wife fought to some extent; that Mattie Erwin interfered, trying to get into the car where the child was seated; that he merely held her by the shoulders to prevent her from taking the child; that he did not strike her or in any manner assault her.

The doctor who examined Mattie Erwin several days after the alleged assault testified, over proper objection, that her neck was bruised and swollen as a result of the choking given her by appellant. He said that he knew that the choking caused the bruises because of the fact that Mattie Erwin told him that Fred Bell had choked her. The statement of the doctor was hearsay. In the state of the record its erroneous reception presents reversible error.

Over proper objection, the state was permitted to ask a witness if as a matter of fact appellant had not been paying fines "for getting drunk and choking women and other crimes for a long time in this county." The witness answered that she had not heard that such was the case. The question was improper. Over objection, such

question was later used by the county attorney as a basis for an argument to the effect that appellant should not be acquitted because of the fact that he had been choking women in Foard County for a long time. The court refused to instruct the jury not to consider this argument. The improper question and unwarranted argument of the county attorney, taken together, were highly prejudicial to appellant's rights. Hence the matter presents reversible error.

With no facts in evidence warranting the reception of such testimony, a witness for the state was permitted to testify that he had forbidden appellant to come to his place because of the fact that appellant got drunk and that he had lots of trouble with him during a period of three years. The testimony complained of was not relevant to any issue in the case. That its reception was highly prejudicial to appellant's rights is obvious. Hence the action of the court in permitting the witness to testify as stated, over appellant's proper objection, constitutes reversible error.

The appeal is reinstated. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.