JIM OWSLEY v. THE STATE.

No. 12428.   Delivered April 17, 1929.
Rehearing granted May 29, 1929.

The opinion states the case.

*Aaron Sturgion* and *Chas. Roach* of Paris, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for vagrancy; punishment, a fine of $150.00.

The State's Attorney with this court moves to dismiss this appeal because there appears in the record no final judgment such as is

necessary to give this court jurisdiction of the appeal. Upon examination we are convinced of the soundness of the motion. Without judgment entered upon the verdict this court is without power to assume jurisdiction.

The appeal is dismissed.

*Dismissed.*

### ON MOTION TO RE-INSTATE APPEAL.

LATTIMORE, JUDGE.—At a former day of this term this appeal was dismissed, no judgment appearing in the record. This defect has been remedied, and the appeal will be re-instated and the case considered on its merits.

Complaint is made in bill of exceptions No. 3 of the fact that the county attorney was permitted to ask a State witnesses if appellant had any visible means of support. The charge was vagrancy, based upon several grounds set up in the statute, one of them being that appellant was an able-bodied person who lived without visible means of support. We doubt very seriously the correctness of permitting a witness to be asked a question which covers the case, so to speak. The witness should be asked to state facts within his knowledge from which the jury might conclude whether the accused lived without visible means of support.

Bill of exceptions No. 4 manifests that the county attorney asked a witness if he knew where the defendant lived. The answer to this was, "I heard he lives with Bess Oliver." This answer was objected to on the ground that it was hearsay. We think the objection well taken and that same should have been sustained.

Bill of exceptions No. 5 sets out that the State's attorney was permitted to ask a witness if he knew that Bessie Oliver had formerly been Mrs. Butsie Webb, and that her husband, Butsie Webb, died while a criminal case was pending against him in Lamar county, and further if he did not know that Bessie Oliver had been the wife of Gurlie Oliver, and that Gurlie Oliver died while a criminal case was pending against him in Lamar county. The witness answered this question by saying that he understood so. Objections to this question were sustained, and the court was requested to instruct the jury not to consider the question nor the answer. Thereupon the county attorney stated to the court in the presence of the jury: "I will state to the court my purpose for asking this question. It is to prove to the court who she was and that she is a prostitute, and any man who associates with a prostitute is a vag." Appellant objected further to this remark of the State's attorney and requested the

court to instruct the jury not to consider said remark. The court overruled the objection to said statement of the prosecuting officer and refused to instruct the jury not to consider it. We are of opinion this was also erroneous.

Another bill of exceptions sets forth that the county attorney asked a State witness if he did not know that Bessie Oliver alias Bessie Webb was a prostitute, to which he answered that he had heard she was. Objections was made to this on the ground that it was hearsay and not an attempt to prove the general reputation of Bessie Oliver. This objection was overruled, and in this we also think the learned trial judge fell into error.

For these matters just referred to we think the judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*