Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for theft; punishment, two years in the penitentiary.

Our attention is called by the state's attorney with this court to the fact that no notice of appeal appears to have been given, or entered of record as required by the terms of article 827, C. C. P. We have carefully examined the transcript and find no notice of appeal.

Under all the authorities this court is without jurisdiction in such case, and the appeal will be dismissed.

MORROW, Presiding Judge.

Since the affirmance of the case and the filing of the motion for rehearing, the appellant has filed his written request, duly verified, asking that said motion be withdrawn.

The request is granted, the motion for rehearing is withdrawn, and mandate will issue immediately.

## SHEFFIELD v. STATE.
### No. 15733.

Court of Criminal Appeals of Texas.
Feb. 22, 1933.

Walter F. Schenck and Chas. C. Triplett, both of Lubbock, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, Judge.

Appellant was convicted of the offense of negligent homicide of the second degree; punishment assessed at a fine of $1,500.

■ The state's attorney before this court has moved to dismiss this appeal because there appears in the record no final judgment. An examination of the record discloses that the motion must be sustained. There appears nothing in the record showing that a final judgment was ever entered upon the verdict of the jury. It is required by our Code of Criminal Procedure (see Code Cr. Proc. 1925, art. 766) that no appeal can be considered until the final judgment has been rendered in the court below. For the want of final judgment, this appeal must be dismissed.

■ We also call attention to a further defect. There is no notice of appeal shown in

the minutes of the court. Attached to appellant's motion for new trial appears the notice of appeal over the signature of the presiding judge; also docket entry shows that the motion for new trial was overruled and notice of appeal given. This docket entry, however, was never entered of record in the minutes of the trial court. To confer jurisdiction upon the appellate court, the record must show that notice of appeal was given in the prescribed manner and entered of record in the minutes of the trial court. A mere showing of a docket entry of notice of appeal will not suffice. Sections 122 and 123, Tex. Juris., vol. 4; Owsley v. State, 112 Tex. Cr. R. 641, 18 S.W.(2d) 178; Ward v. State (Tex. Cr. App.) 16 S.W.(2d) 541. See, also, Brannan v. State, 76 Tex. Cr. R. 492, 175 S. W. 697; Bell v. State, 111 Tex. Cr. R. 456, 15 S.W.(2d) 9; Sauzeda v. State, 86 Tex. Cr. R. 461, 216 S. W. 1098.

The appeal will be dismissed.

Dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.