**Pauline Woodson HASSELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58488.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Nov. 12, 1980.

Rehearing Denied Jan. 14, 1981.

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Stephen J. Wilensky & Todd Meier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for the offense of assault. The punishment is

confinement in county jail for one year and payment of a $1,000 fine.

The appellant argues that the trial court erred in permitting hearsay testimony to be admitted in evidence. While the ground of error is poorly constructed and fails to specifically refer to a page number of the record where the error occurred, we are, after an independent examination of the record in the interest of justice, constrained to agree that the trial court erred. Article 40.09, Sec. 13, V.A.C.C.P.

The appellant asserts that the trial court erred in allowing Dr. John Vogt to give hearsay testimony. Dr. Vogt was the physician who treated Tina Marie Woodson, the victim of the assault and a daughter of the appellant. During direct examination of Dr. Vogt, the following colloquy occurred:

"[Prosecutor]
Q: What did you say?
[Witness]
A: I asked her where it hurt.
Q. What did she say.
A. She said, 'Right here.' She pointed into the upper part of her abdomen.

\* \* \* \* \* \*

Q. And what did you say next?
A. I asked her, 'Did somebody hit you there?'
[Defense Attorney]: To which I object, Your Honor, as hearsay.
[Court]: Overruled.
Q. What did she say?
A. She said 'Yes.'
Q: What did you say?
A. 'Who hit you there?'
[Defense Attorney]: To which I object, Your Honor, as hearsay.
[The Court]: Overruled.
Q. What did she say?
A: 'My mother.'
[Defense Attorney]: To which I object, Your Honor, as hearsay.
[The Court]: Overruled.

\* \* \* \* \* \*

Q: What did you say next?

A: I asked her, 'What did she hit you with?'
Q: And what did she say?
A: 'A broom.'
[Defense Attorney]: I object also to this as hearsay, Your Honor. I also object that we're not able to cross–examine the person who stated this to the doctor and it is against the hearsay rule in violation of the right as to cross–examine the witnesses and those who appear against you.
[The Court]: Overruled. It's an exception to the hearsay rule dealing with medical history."

The doctor's statements dealing with what Tina told him are clearly hearsay. The State, however, argues that the testimony was admissible as an exception to the hearsay rule. The State contends, quoting from 1A Ray, Texas Law of Evidence, Sec. 835 (3rd ed.1980), that "When a physician has observed and been consulted by a patient, and testifies as an expert witness with reference to the nature of the ailment, his evidence, in giving the reasons for his opinion as to statements made to him by the patient upon which his opinion has been partly founded, is admissible. Since they are not offered as evidence of the facts declared but merely as an explanation of the previous opinion, they are not hearsay and hence not subject to the restrictions which hedge in the use of such declarations as hearsay." However, the State fails to observe, in footnote in the same section of 1A Ray, supra, fin. 18, that, "Of course, the physician may not retail (sic) a patient's story which formed no part of the opinion he states. *Keeton v. State*, 149 Tex.Cr.App. 27, 190 S.W.2d 820 (1945)."

In the present case, the doctor testified that Tina Marie had a pain in her abdomen and that after conducting tests, he was able to ascertain the cause. The doctor stated that the injury, a duodenum hematoma, was caused by a strong blunt force going straight into the upper part of the abdomen. The doctor further testified that it was two days after determining the cause of Tina's pain that he had the conversation with Tina. It is apparent, therefore, that

Tina's statements to Dr. Vogt played no part in his determination of the nature of injury or its treatment. The hearsay testimony was not a basis upon which Dr. Vogt formulated his opinion and was clearly offered as evidence of Tina's being hit by her mother with a broom. The testimony was not within this exception to the hearsay rule.

We also note that the trial court's belief that the statements were admissible because they related to the victim's medical history was erroneous. It is true, generally, that statements made to a physician dealing with present pain, symptoms, or other bodily conditions are admissible as an exception to the hearsay rule. 6 Wigmore, Evidence, Sec. 1719 (Chadbourne rev.1976). However, declarations descriptive of external events, such as the crime or accident which caused the injury to the declarant, even though made to a physician pursuant to treatment, are inadmissible as evidence of their truth. 1A Ray, supra, Sec. 843. See *Cheeks v. State*, 157 Tex.Cr.R. 184 247 S.W.2d 893 (1952); *Henry v. State*, 151 Tex.Cr.R. 284, 207 S.W.2d 76 (1947) (Opinion on Rehearing); *Bell v. State*, 111 Tex.Cr.R. 456, 15 S.W.2d 9 (1929). The declarations made to the doctor did not relate to the injuries but rather related to the cause of the injuries. The declarations were presented for no other purpose other than for the truth of the matter asserted. Therefore, we conclude that the declarations made to Dr. Vogt were inadmissible as hearsay.

Whether error in admitting hearsay testimony requires reversal will depend on the facts and circumstances of each case. *Smith v. State*, 511 S.W.2d 296 (Tex.Cr.App. 1974). Initially, we note that in the case at bar, the information alleged that the appellant knowingly and intentionally caused bodily injury "by striking the said Tina Marie Woodson with a belt." The hearsay evidence dealt with the appellant striking Tina with a broom. Thus, the declarations related to an extraneous offense and no other evidence concerning this offense was presented. We also note that the maximum punishment that the appellant could have received was confinement in county jail for one year and payment of a $2,000 fine and that the appellant received punishment of confinement for one year and payment of a $1,000 fine. V.T.C.A. Penal Code, Sec. 22.-01, Sec. 12.21. In light of these facts, we cannot conclude that the hearsay evidence was harmless. See *Turner v. State*, 586 S.W.2d 869 (Tex.Cr.App.1979); *Barker v. State*, 509 S.W.2d 353 (Tex.Cr.App.1974); *Smith v. State*, supra; *Bell v. State*, supra.

The judgment is reversed and the cause remanded.