TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00074-CR







Oren Bryan Fletcher, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-98-0522-S, HONORABLE DICK ALCALA, JUDGE PRESIDING








 A jury convicted appellant of aggravated sexual assault of a child and indecency
with a child and assessed punishment, enhanced by a prior conviction for aggravated assault of
a peace officer, at thirty years' imprisonment on each count to run concurrently. See Tex. Penal
Code Ann. § 22.021 (West 1994 & Supp. 1999), § 21.11 (West 1994). On appeal, appellant
contends that the district court erred by limiting his cross-examination of a State witness thus
denying appellant his constitutional right to confrontation and cross-examination. See U.S. Const.
amend. VI. He also complains that the district court violated the prohibition against admitting
hearsay by allowing a registered nurse to testify about the complainant's statements to her
regarding the offenses. We will affirm.


Factual Background


 While appellant was staying with his sister, he met the victim, M.G., a friend of
his niece. The next day, appellant, his niece, and M.G. attended a movie. Appellant was twenty-eight years old and M.G. was thirteen. While in the movie theater, M.G. unzipped her pants at
appellant's request and appellant put his finger in her vagina. Appellant also asked M.G. to
masturbate him, which she did.

 Later that evening, appellant's cousin, Kyle Frasier, gave him a ride to M.G.'s
house. During the ride, appellant told Frasier that he and M.G. had masturbated each other in
the movie theater. At M.G.'s house, appellant performed oral sex on M.G. Appellant called
Frasier to pick him up when M.G.'s mother arrived home. In the car appellant told Frasier what
had happened at M.G.'s house. 

 Frasier called M.G.'s mother and told her about appellant's sexual encounters with
M.G. The mother called the police, and as a result, M.G. underwent a medical examination by
Kaylan Gardner, a registered nurse. During the physical examination, Gardner detected some
redness around M.G.'s labia, which Gardner testified could have been the result of penetration
by a finger or the presence of a pinworm. Gardner also questioned M.G. about the alleged
assault. 

 Both Frasier and Gardner testified at appellant's trial. The district court overruled
appellant's objections to their testimony, and appellant now appeals the district court's rulings.


Standard of Review


 We review a trial court's ruling on the admissibility of evidence under an abuse of
discretion standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). We
will not reverse such a ruling so long as it falls "within the 'zone of reasonable disagreement.'"
Id. at 102 (quoting Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)). 
Moreover, error may not be predicated upon a ruling that admits or excludes evidence unless a
substantial right of the party is affected. See Tex. R. Evid. 103(a).


Right to Confrontation


 In point of error one, appellant contends that the district court erred by limiting the
cross-examination of Frasier. Appellant objected to this limitation on the ground that further
examination was necessary to establish that Frasier had a vendetta against appellant because
appellant had slept with Frasier's girlfriend. Appellant asserts that this inability to continue with
cross-examination of Frasier caused him harm by denying him the right to show the full bias of
the witness. He argues that the district court's refusal to allow him to confront and cross-examine
a witness was reversible error.

 "The Sixth Amendment protects the defendant's right not only to confront the
witnesses against him, but to cross-examine them as well." Hoyos v. State, 951 S.W.2d 503, 506
(Tex. App.--Houston [14th Dist.] 1997, no pet.) (citing Davis v. Alaska, 415 U.S. 308, 316 
(1974)). However, the extent of cross-examination is not unlimited. The scope of cross-examination is within the control of the trial court, which is given wide latitude to impose
reasonable limits on cross-examination. See Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986);
Satterwhite v. State, 499 S.W.2d 314, 317 (Tex. Crim. App. 1973). The trial court must consider
the probative value of the evidence and weigh it against the risks of admission, including "the
possibility of undue prejudice, embarrassment or harassment to either a witness or a party, the
possibility of misleading or confusing a jury, and the possibility of undue delay or waste of time."
 Hodge v. State, 631 S.W.2d 754, 758 (Tex. Crim. App. 1982). The trial court's determination
is not reversible unless the appellant shows a clear abuse of discretion. See Chambers v. State,
866 S.W.2d 9, 27 (Tex. Crim. App. 1993); Johnson v. State, 698 S.W.2d 154, 160 (Tex. Crim.
App. 1985).

 Appellant was allowed to ask numerous questions about Frasier's recollection of
the night appellant had sex with Frasier's girlfriend. Although appellant was not allowed to
inquire into the sounds appellant and the girlfriend may have made while having sex, Frasier
admitted that the event happened and resulted in hard feelings between him and appellant. 
Consequently, appellant fails to demonstrate how testimony regarding any sounds Frasier might
have heard adds to the evidence already presented regarding Frasier's possible bias. While the
district court limited the scope of Frasier's cross-examination, the issue of whether any ill will still
existed between appellant and Frasier had been sufficiently demonstrated. We overrule appellant's
first point of error.


Hearsay Evidence

 Appellant next contends that the district court erred in admitting Gardner's 
testimony because it was hearsay. The State argues that her testimony is admissible as an
exception to hearsay pursuant to Texas Rule of Evidence 803(4). Gardner is a registered nurse
trained in a sexual-assault nurse-examiner program. She testified that she examined M.G., and
during the examination M.G. told her about her encounter with the appellant, including that he
touched her vagina. Gardner testified that M.G's statements were made for the purposes of
medical diagnosis and treatment. As such, the testimony falls within the exception. See Fleming
v. State, 819 S.W.2d 237, 247 (Tex. App.--Austin 1991, pet. ref'd.). "[S]tatements made for
purposes of medical diagnosis or treatment and describing medical history, or past or present
symptoms, pain, or sensations, or the inception or general character of the cause or external
source thereof insofar as reasonably pertinent to diagnosis or treatment" are admissible. Tex. R.
Evid. 803(4). (1)

 In Hughbank v. State, (2) the court of appeals addressed the admissibility of medical
statements regarding the rape of an adult. A physician had examined the victim, asked her about
the assault, and collected evidentiary samples. See id. The court held that the victim's statements
fell within the scope of Rule 803(4) because they assisted the physician in diagnosing and treating
her. See id. Here, Gardner stated that M.G.'s statements as to what had happened with appellant
helped her determine what to look for in her examination, such as evidence of trauma and the
appropriate treatments. 

 Appellant's reliance on Hassell v. State, 607 S.W.2d 529 (Tex. Crim. App. 1980)
is misplaced. In Hassell, a physician testified that the victim had a pain in her abdomen, and after
conducting some tests, he diagnosed and treated her. See Hassell, 607 S.W.2d at 531. Two days
later, the victim told him that abuse had caused her injury. Since the physician had completed his
examination, the later conversation played no part in the doctor's determination of the nature of
her injury or its treatment. See id. at 532. In contrast, M.G.'s statements were significant to
Gardner's examination and treatment. Consequently, Gardner's statements are admissible hearsay
under the medical-statements exception. See Tex. R. Evid. 803(4). Appellant's second point of
error is overruled.


Conclusion

 Having disposed of appellant's two points of error, we affirm the judgment of
the district court.



 


 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 21, 1999

Do Not Publish
1. The fact that Gardner is a nurse as opposed to a physician has no significance in the
application of the exception. See Fleming v. State, 819 S.W.2d 237, 247 (Tex. App.--Austin
1991, pet. ref'd) (admitting statements made to psychologist); Torres v. State, 807 S.W.2d 884,
886-87 (Tex. App.--Corpus Christi 1991, pet. ref'd) (admitting statements made to an emergency
room nurse).
2. 967 S.W.2d 940, 944 (Tex. App.--Fort Worth 1998, no pet.).



ls to demonstrate how testimony regarding any sounds Frasier might
have heard adds to the evidence already presented regarding Frasier's possible bias. While the
district court limited the scope of Frasier's cross-examination, the issue of whether any ill will still
existed between appellant and Frasier had been sufficiently demonstrated. We overrule appellant's
first point of error.


Hearsay Evidence

 Appellant next contends that the district court erred in admitting Gardner's 
testimony because it was hearsay. The State argues that her testimony is admissible as an
exception to hearsay pursuant to Texas Rule of Evidence 803(4). Gardner is a registered nurse
trained in a sexual-assault nurse-examiner program. She testified that she examined M.G., and
during the examination M.G. told her about her encounter with the appellant, including that he
touched her vagina. Gardner testified that M.G's statements were made for the purposes of
medical diagnosis and treatment. As such, the testimony falls within the exception. See Fleming
v. State, 819 S.W.2d 237, 247 (Tex. App.--Austin 1991, pet. ref'd.). "[S]tatements made for
purposes of medical diagnosis or treatment and describing medical history, or past or present
symptoms, pain, or sensations, or the inception or general character of the cause or external
source thereof insofar as reasonably pertinent to diagnosis or treatment" are admissible. Tex. R.
Evid. 803(4). (1)

 In Hughbank v. State, (2) the court of appeals addressed the admissibility of medical
statements regarding the rape of an adult. A physician had examined the victim, asked her