Jaime GUZMAN, Appellant

v.

The STATE of Texas, Appellee.

No. 10–06–00315–CR.

Court of Appeals of Texas, Waco.

Feb. 13, 2008.

David L. Richards, Ft. Worth, for Appellant/Relator.

Tim Curry, Tarrant County Crim. Dist. Atty., for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant Jaime Guzman was convicted by a jury of the felony offense of aggravated sexual assault of a child and assessed eighteen years in prison. On appeal, Guzman contends that the trial court erred in allowing a physician to testify about hearsay statements made by the victim. Finding no error, we will affirm.

## Background

The complainant, C.G., a fourteen-year-old girl, testified that Guzman sexually assaulted her in July of 2003. She was the only witness to the assault. The State presented additional testimony about the event from Dr. Jayme Coffman, the treating physician at the child abuse clinic of Cook Children's Hospital. Dr. Coffman testified that she performed a sexual-assault examination on C.G. in October of 2003. As a part of that exam, Dr. Coffman asked C.G. her full medical history and what happened on the day of the incident. When the State asked Dr. Coffman to tell the jury what C.G. told her about the assault, Guzman made a hearsay objection, and the court overruled it.

Dr. Coffman testified that C.G. told her that Guzman had taken C.G. to his apartment and raped her.

## Evidentiary Rule 803(4)

In his sole point of error, Guzman argues that the trial court erred in admitting the hearsay statements of Dr. Coffman because the statements do not qualify under Texas Rule of Evidence 803(4) as made for the purpose of medical diagnosis or treatment. Specifically, Guzman complains of the following testimony:

[Q]: And did you take a history from [the victim] about what had happened to her?

[A]: Yes, I did.

[Q]: And what was the purpose in asking what had happened to her?

[A]: In order to obtain a proper diagnosis and appropriate treatment.

[Q]: What did [the victim] tell you about what had happened to her?

. . .

[A]: She told me that he, meaning [Guzman], had taken her to his apartment, that he grabbed her and started kissing her neck and her mouth. She said he then put her on the couch and pulled her skirt up and then grabbed her arms and pulled them to her side and that he then unbuttoned his pants and got on top of her. At that point, she became very tearful and wouldn't talk for a few minutes.

Guzman argues that these statements—specifically about who caused the injury and how he undressed—were unnecessary for the doctor's treatment. He contends that declarations that are descriptive of external events, such as the crime that caused the injury to the declarant, even though made to a physician during treatment, are inadmissible when they did not relate to injuries, even though they were offered for the truth of the matter asserted. He relies primarily on *Hassell v. State*, 607 S.W.2d 529, 531 (Tex.Crim.App. 1980), where the court held that statements made to a physician dealing with present pain, symptoms, or other bodily conditions were admissible as an exception to the hearsay rule; however, declarations descriptive of external events, such as the crime or accident which caused the injury to the declarant, even though made to a physician pursuant to treatment, were inadmissible as evidence of their truth.

The State replies that Dr. Coffman's testimony was admissible under Rule 803(4) because when a patient describes her medical history, present symptoms, or the inception, cause or external source of the injury or pain, those statements are admissible as exceptions to the hearsay rule. *See* Tex.R. Evid. 803(4); *Moyer v. State*, 948 S.W.2d 525, 528 (Tex.App.-Fort Worth 1997, pet. ref'd) (paramedic's statement admitted under business records exception; court recognized the statements may also be admissible under medical diagnosis or treatment exception or the excited utterances exception to hearsay rule, even when statement included description of how victim received injuries).

■ We review a trial court's admission or exclusion of evidence for abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex.Crim.App.2005). "A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.*

Guzman's reliance on *Hassell* to render Dr. Coffman's testimony inadmissible is misplaced.[1] Although the *Hassell* court held that the complainant's statement to the doctor was not within any recognized exception to the hearsay rule because it discussed the cause of the injuries, not the injuries themselves, the decision in *Hassell* was before the adoption of Rule 803(4), which now makes admissible:

> Statements made for the purpose of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, **or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.**

Tex.R. Evid. 803(4) (emphasis added).

As the San Antonio Court of Appeals explained in *Macias v. State*, 776 S.W.2d 255, 259 (Tex.App.-San Antonio 1989, no pet.), this rule now explicitly includes statements of the "inception or general character of a cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment." And the First Court of Appeals expanded on that observation, noting an 8th Circuit case in which the court said a child abuse victim's statement to a physician during a medical examination identifying the abuser can be "reasonably pertinent to diagnosis or treatment" because it is the type of statement reasonably relied on by a physician. *See Tissier v. State*, 792 S.W.2d 120, 125 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd) (citing *United States v. Renville*, 779 F.2d 430 (8th Cir.1985)). In *Tissier*, the victim told the treating doctor during a two-week hospital stay that the appellant had hit him in the stomach and later told him not to tell anyone about it. *Id.* at 122.

Furthermore, other courts have held that a physician's testimony regarding a statement identifying a defendant as the offender in a sexual assault case is admissible under Rule 803(4) because the identity is reasonably pertinent to medical diagnosis or treatment. *See Ware v. State*, 62 S.W.3d 344, 351 (Tex.App.-Fort Worth 2001, pet. ref'd) (grandparent's statement to doctor that child was afraid of the alleged abuser falls within this exception to the hearsay rule); *Fleming v. State*, 819

---

1. Apparently, the Court of Criminal Appeals has not addressed this aspect of Rule of Evidence 803(4). *Garcia v. State* cites the Rule, noting that statements made by the defendant's wife to shelter employees that defendant had physically and psychologically abused her were not admissible in the punishment phase because there was no evidence that she went to the shelter to seek medical treatment. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex.Crim.App.2004).

S.W.2d 237, 247 (Tex.App.-Austin 1991, pet. ref'd) ("A number of courts adhere to the view that, in prosecutions for child sexual abuse, the child's identification of the abuser is not admissible under the medical exception to the hearsay rule. But a growing majority of courts find the medical exception to be applicable.... We conclude that the child's statements to [a pediatrician and a mental health therapist] describing the abusive acts and identifying the abuser were reasonably pertinent to medical diagnosis and treatment, and were properly admitted pursuant to Rule 803(4).").

Accordingly, we hold that the trial court did not abuse its discretion in overruling Guzman's hearsay objection to Dr. Coffman's testimony relating the victim's statements identifying Guzman as the person who sexually assaulted her and describing the event. TEX.R. EVID. 803(4).

### CONCLUSION

We overrule Guzman's sole issue and affirm the trial court's judgment.

(Chief Justice GRAY concurs in the judgment of the Court without a separate opinion.).