

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00306-CR

**ERIC DONALD ANDERSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2006-1453-C2**

## MEMORANDUM  OPINION

A jury convicted Eric Donald Anderson of two counts of aggravated sexual assault and assessed his punishment at ninety-nine years' imprisonment on each count. Anderson contends in two issues that: (1) the court's guilt-innocence charge impermissibly commented on the evidence; and (2) he received ineffective assistance of counsel. We will affirm.

## Guilt-Innocence Charge

The State tried Anderson for four counts of aggravated sexual assault.[1] Because the State offered evidence that Anderson sexually assaulted the complainant A.F. on numerous occasions, the State was required to elect the particular alleged assaults on which it would rely for convictions. The court instructed the jury regarding the State's elections for Counts 1 and 3 as follows:

> To prove the offenses [sic] alleged in the indictment in Count 1, the State has elected to proceed on the alleged event that occurred in the living room on the love seat, in which the defendant, Eric Donald Anderson, allegedly committed the offense, if any.

> To prove the offense alleged in the indictment in Count 3, the State has elected to proceed on the alleged event that occurred after the drive to Temple, in which the defendant, Eric Donald Anderson, allegedly committed the offense, if any.

Because Anderson did not object to the court's charge, he must establish that these instructions are erroneous and that he suffered egregious harm from their inclusion in the charge. *Witt v. State*, 237 S.W.3d 394, 398 (Tex. App.—Waco 2007, pet. ref'd). "A charge improperly comments on the evidence if it 'assumes the truth of a controverted issue.'" *Hanson v. State*, 180 S.W.3d 726, 728 (Tex. App.—Waco 2005, no pet.) (quoting *Whaley v. State*, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986)).

The instruction on Count 1 does assume that there was a love seat in the living room, which was undisputed. However, the instruction does not assume that a sexual assault actually occurred on that love seat. Thus, this instruction does not assume the truth of a *controverted* issue. *See Whaley*, 717 S.W.2d at 32; *Hanson*, 180 S.W.3d at 728.

---

[1] The jury acquitted Anderson of the offenses alleged in Counts 2 and 4.

The instruction on Count 3 similarly assumes that someone drove to Temple before Anderson allegedly assaulted A.F. However, it was undisputed that Anderson drove A.F.'s mother to Temple to go to work on the occasion in question. Rather, the parties disputed whether he smoked marijuana during the drive back from Temple and whether he sexually assaulted A.F. afterward. The challenged instruction does not assume that either of these actions occurred. Thus, the instruction does not assume the truth of a *controverted* issue. *Id.*

Accordingly, we overrule Anderson's first issue.

### Ineffective Assistance

Anderson complains in his second issue that he received ineffective assistance of counsel because trial counsel failed to: (1) object to the admission of evidence regarding extraneous misconduct; (2) request a hearing to determine the proper outcry witness; (3) object to the testimony of two witnesses who gave their opinion about the truthfulness of A.F.'s testimony; (4) object to the portions of the charge addressed in the first issue; and (5) object to the court reporter's failure to record several bench conferences and in-chamber conferences.

To prevail on an ineffective-assistance claim, an appellant must show by a preponderance of the evidence that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007). We begin with a "strong presumption" that counsel provided reasonably professional assistance, and the defendant bears the burden of overcoming this presumption. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). To

do so, "the defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Generally, the appellate record is insufficient to satisfy this burden. *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004); *Curry v. State*, 222 S.W.3d 745, 754 (Tex. App.—Waco 2007, pet. ref'd).

*Extraneous Misconduct*

Anderson argues that counsel was ineffective for failing to object to evidence that he used marijuana, watched pornography, and was having an affair.

A.F. testified that Anderson smoked marijuana on the drive home from Temple and kept asking whether she was going to let him have sex with her when they arrived. She testified that he sexually assaulted her later that night after putting her younger sister to bed. A.F.'s mother testified that, in a phone conversation two days after she confronted Anderson with the allegations (which he initially denied), he expressed remorse for what had happened and suggested that he may have been "drunk or high" on one of the occasions when he sexually assaulted A.F.

A.F.'s testimony regarding Anderson's marijuana usage was arguably admissible as evidence of plan and preparation under Rule of Evidence 404(b). *See* TEX. R. EVID. 404(b); *Hernandez v. State*, 973 S.W.2d 787, 790 (Tex. App.—Austin 1998, pet. ref'd). His statement to her mother that he may have been drunk or high when he sexually assaulted A.F. was arguably admissible as same transaction contextual evidence. *See Gaconnet v. State*, No. 04-98-00033-CR, 1999 Tex. App. LEXIS 7592, at *8-9 (Tex. App.—San Antonio Oct. 13, 1999, pet. ref'd) (not designated for publication).

A.F. also testified that, one morning when she sat down to watch television, Anderson started watching a pornographic movie so she got up and left the room. Her mother testified that Anderson had two or three pornographic DVD's and that the two of them watched one together on one occasion. This testimony was arguably admissible as evidence of Anderson's intent. *See Sarabia v. State*, 227 S.W.3d 320, 323-24 (Tex. App.—Fort Worth 2007, pet. ref'd).

Finally, A.F.'s mother testified that Anderson admitted to her after the fact that he had been having a relationship with another woman during their relationship. This evidence supported counsel's apparent strategy of trying to show that A.F. had a motive to lie. *See Hammer v. State*, 296 S.W.3d 555, 56-68 (Tex. Crim. App. 2009).

Plausible theories support the admission of the challenged testimony regarding extraneous misconduct. The record is mostly silent regarding counsel's strategy for not objecting to this testimony. Thus, Anderson has failed to overcome the "strong presumption" that counsel provided reasonably professional assistance when he did not object to this testimony.

*Outcry Witness*

Anderson contends that he received ineffective assistance of counsel because counsel failed to request a hearing to determine the proper outcry witness. Here, Anderson complains that A.F.'s mother, a physician and a psychotherapist each testified without objection regarding details of the offenses which A.F. told them.

A.F.'s mother was the outcry witness. The testimony of the physician and of the psychotherapist regarding A.F.'s statements to them was admissible as an exception to

the hearsay rule for statements made for purposes of medical diagnosis or treatment. *See* TEX. R. EVID. 803(4); *Munoz v. State*, 288 S.W.3d 55, 58-60 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Guzman v. State*, 253 S.W.3d 306, 307-09 (Tex. App.—Waco 2008, no pet.). Thus, Anderson has failed to overcome the "strong presumption" that counsel provided reasonably professional assistance when he did not object to this testimony.

*Opinions About A.F.'s Veracity*

Anderson argues that counsel was ineffective for failing to object to the testimony of two witnesses who gave their opinion about the truthfulness of A.F.'s testimony.

Jeredith Jones testified about the steps she took as a CPS investigator in response to the referral received concerning A.F.'s allegations. When asked whether she had any additional contact with law enforcement after interviewing A.F. and her mother, she answered, "I spoke with the detective who was assigned to the case to let her know that I felt that the allegations were valid and needed further follow-up."

Anderson contends that this statement is inadmissible because it constitutes an imadmissible opinion regarding his guilt and an inadmissible opinion regarding A.F.'s veracity. He cites *Boyde v. State*, 513 S.W.2d 588, 589-90 (Tex. Crim. App. 1974), and *Graves v. State*, 994 S.W.2d 238, 247 (Tex. App.—Corpus Christi 1999, pet. ref'd, untimely filed), to support the first contention, and he cites *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993), to support the second contention.

In *Boyde*, a police officer was asked whether, at the time of arrest, he was "totally satisfied" that the defendant was guilty and whether he knew of any evidence which

would tend to exonerate the defendant or show that he was not guilty. The Court of Criminal Appeals held that this was improper. *See Boyde*, 513 S.W.2d at 590.

In *Graves*, a deputy testified that she investigated sex crimes and does not file charges when the evidence does not implicate a suspect. 994 S.W.2d at 247. She further testified that, based on her investigation of Graves, she identified four sexual assault victims. *Id.* The court of appeals rejected Graves's contention that this was tantamount to giving an opinion as to his guilt.

> Instead, the inference that may be drawn from the complained of testimony is that there was sufficient evidence to bring formal charges against appellant. Merely because an officer testifies there is evidence for charges to be brought against a defendant, does not suggest that the testimony goes to the defendant's guilt.

*Id.*

Unlike the officer in *Boyde*, Johnson was not asked to give an opinion regarding Anderson's guilt. Rather, her testimony is more similar to that in *Graves* which was found to be permissible.

In *Yount*, a physician was asked in how many of the hundreds of examinations she had performed had she found the allegations to be invalid. She replied, "When you mean invalid, that the child was not telling the truth?" The prosecutor responded, "Right," and over objection she answered, "I have seen very few cases where the child was actually not telling the truth." *Yount*, 872 S.W.2d at 707-08.

The Fort Worth Court has explained that *Yount* addresses "the admissibility of direct testimony as to the truthfulness of the child complainant." *See Salinas v. State*, 166 S.W.3d 368, 370 (Tex. App.—Fort Worth 2005, pet. ref'd). Unlike the physician in *Yount*,

Johnson was not asked whether she thought A.F. was telling the truth. Her testimony that she felt that the allegations were valid, particularly when viewed in context (namely, her explanation of the steps in the investigation), is not "direct testimony" regarding A.F.'s truthfulness.

Dr. Ann Sims testified that her findings from a physical examination of A.F. were not inconsistent with the sexual abuse history A.F. told her. Anderson argues that, by doing so, she gave her personal opinion that he sexually assaulted A.F. We disagree.

Unlike the officer in *Boyde*, Sims was not asked whether she believed Anderson was guilty. Rather, she was asked whether her findings were consistent with the allegations. Such testimony is not objectionable. *See Reyes v. State*, 274 S.W.3d 724, 730 (Tex. App.—San Antonio 2008, pet. ref'd).

Accordingly, Anderson has failed to overcome the "strong presumption" that counsel provided reasonably professional assistance when he did not object to Johnson's and Sims's testimony.

*Comments on Evidence*

Anderson complains that he received ineffective assistance of counsel because counsel failed to object to the instructions we discussed in addressing his first issue. However, we determined that these instructions were not objectionable. Thus, Anderson has failed to overcome the "strong presumption" that counsel provided reasonably professional assistance when he did not object to the challenged instructions.

*Unrecorded Conferences*

Finally, Anderson argues that counsel was ineffective for failing to object to the court reporter's failure to record various conferences conducted at the bench or in chambers. He observes that "[t]hese unrecorded conferences created an unknown" which "may have assisted Appellant on appeal."

Anderson's own argument demonstrates that he cannot prevail on this contention in this direct appeal. He must establish that he was prejudiced by what occurred during these unrecorded conferences. *See Garza*, 213 S.W.3d at 347-48. Yet he concedes that what occurred there is "unknown" and only "may have assisted" him on appeal. An ineffective assistance claim will not be sustained on the basis of mere speculation. *See Bone*, 77 S.W.3d at 835; *Howard v. State*, 239 S.W.3d 359, 367 (Tex. App.—San Antonio 2007, pet. ref'd); *Curry*, 222 S.W.3d at 754.

Accordingly, we overrule Anderson's second issue.

Having overruled the issues presented, we affirm the judgment.


FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed October 20, 2010
Do not publish
[CRPM]