**Affirmed and Opinion Filed June 9, 2022**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00902-CR**
**No. 05-20-00903-CR**

**DANTONIO SENTELL HOOD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-75151-I, F17-75066-I**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

Appellant Dantonio Sentell Hood waived a jury trial, pleaded guilty and judicially confessed to the offenses of use of a vehicle without authorization and aggravated assault with a deadly weapon. The trial court deferred a finding of guilt and placed appellant on three years' community supervision for both offenses. The court modified the terms of supervision two times and extended the period of supervision one time. The State later filed Motions to Revoke Probation or Proceed with an Adjudication of Guilt, alleging several violations of the conditions of

community supervision. Appellant pleaded "not true" to each of the alleged violations.

On October 2, 2020, the trial court conducted a hearing on the State's motions and found the allegations contained therein to be "true," adjudicated appellant guilty for each offense, and sentenced him to two years' confinement in state jail in the unauthorized use of a vehicle case and twenty years' imprisonment in the aggravated assault with a deadly weapon case. This appeal followed with appellant challenging (1) the sufficiency of the evidence to support a finding of true to one of the allegations in the State's motions to adjudicate, (2) the trial court's rulings on various evidentiary objections, and (3) the accuracy of the judgments. As modified herein, we affirm the judgments. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND LEADING TO THE STATE'S REQUESTS FOR ADJUDICATION OF GUILT OR REVOCATION OF PROBATION

On June 15, 2019, while appellant was operating under his deferred adjudication and community supervision, he was alleged to have committed assault against his girlfriend, J.B. On July 30, 2019, a magistrate judge issued an emergency protective order against appellant protecting J.B. Thereafter, on September 10, 2019, and despite his deferred adjudication and the July protective order, appellant was alleged to have committed four new criminal offenses: assault causing bodily

–2–

injury to J.B., violation of the order protecting J.B.; aggravated sexual assault of J.B.; and obstruction of or retaliation against a public servant.

On September 14, 2019, the State filed an Amended Motion to Revoke Probation or Proceed with an Adjudication of Guilt, alleging seven violations of the conditions of community service in the unauthorized use of a vehicle case, and five violations in the aggravated assault with a deadly weapon case.

## REVOCATION HEARING

At the hearing on its motions, the State relied on the following alleged violations of the conditions of community supervision in both of his earlier cases: appellant violated the laws of the State of Texas in that on or about September 10, 2019, he committed the offenses of (1) aggravated sexual assault, (2) obstruction/retaliation, and (3) violation of a protective order; and he failed to complete the community service hours as directed. In addition, the State relied on its allegation appellant failed to participate in a domestic violence treatment program in the aggravated sexual assault case.

At the hearing, a probation officer established appellant had not completed the domestic violence treatment program or the community service hours he was required to complete as conditions of his community supervision. In addition, the State established that on July 30, 2019, while appellant was on probation, a protective order was issued against him prohibiting him from committing family violence against J.B., committing the offense of sexual assault or aggravated sexual

–3–

against J.B., and going to or within 500 feet of anywhere J.B. may reside or be located. On September 10, 2019, while the protective order was still in effect, appellant was alleged to have committed further assault and aggravated sexual assault against J.B. The location of the offenses was equipped with motion-activated security cameras. An employee with the company monitoring the cameras testified that the company monitors its equipment in real time, and it reports suspicious activity to the business location when it is detected. On September 10, 2019, at around 11:04 p.m., the cameras captured video footage of appellant and J.B. at the offense location. The monitoring company reported the incident to the property management company and police were dispatched.

Dallas Police Officer Jon Martinez and his partner responded to the call and came into contact with appellant and J.B. at the reported location. The officers' interaction with appellant and J.B. was captured on Officer Martinez's body camera and the patrol vehicle' in-car camera. When asked for identifying information, appellant provided the officers with paperwork. The paperwork indicating that he was under an emergency protective order intended to protect J.B., and had only recently been released from jail. Appellant told the officers that he was at the location for purposes of a sexual encounter with J.B. Officer Martinez spoke with J.B. and observed swelling and redness on her neck and bruising, swelling, and redness on the top of her head. Officer Martinez also located a belt at the location that J.B. alleged appellant had used to strangle her and render her unconscious.

When Officer Martinez notified appellant that he was under arrest, appellant became belligerent and aggressive toward him. Appellant referenced his membership in the "Gangster Disciples" gang and told Officer Martinez that his gang "kills police officers." Appellant stated he would get the officer's name off of his court paperwork and send someone to kill him. Appellant was taken into custody and charged with assault causing bodily injury/family violence, violation of a protective order, aggravated sexual assault, and obstruction/retaliation. J.B. was transported to Parkland Hospital.

At Parkland, a registered nurse, who was also a certified sexual assault nurse examiner (SANE) examined J.B. The nurse testified that the information J.B. gave to her to include in her SANE report was for the purposes of medical diagnosis and treatment. The nurse recounted the description of the attack as relayed by J.B., including that appellant was the perpetrator of the attack and that he had strangled J.B. with a belt causing her to pass out. The nurse observed that J.B. had a contusion at her hairline on the right side of her forehead and swelling, petechiae, and ligature marks on her neck, neck pain, difficulty swallowing, and a raspy voice.[1]

At the conclusion of the hearing, the trial court found the allegations in the State's motions to be true, revoked the orders that originally placed appellant on deferred adjudication probation, found appellant guilty of unauthorized use of a

---

[1] J.B. did not testify at the probation revocation hearing. The State's evidence showed she died prior to the hearing in an unrelated incident.

motor vehicle and aggravated assault with a deadly weapon and announced the sentences imposed in each case. This appeal followed.

**DISCUSSION**

## I. Revocation of Probation

In his first and second issues, appellant argues the evidence is insufficient to support a finding of true to the allegations he failed to complete his required community service hours within his probation periods. More particularly, appellant argues that, at the time of the revocation hearing, he still had six months left on probation and could have reasonably completed his community service hours within that timeframe and that completion of community service hours was not a condition of probation in his unauthorized use of a vehicle case.

### A. State's Burden and Standard of Review

The State's burden of proof at a revocation hearing is to show by a preponderance of the evidence that a defendant violated a condition of his community supervision, meaning that the greater weight of the credible evidence must create a reasonable belief that the defendant has violated a condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). "The State's burden of proof informs the appellate standard of review for legal sufficiency of the evidence." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Thus, when reviewing the sufficiency of the evidence in

a revocation proceeding, a reviewing court need only determine whether the trial court abused its discretion. *Id.*

A trial court does not abuse its discretion if any single ground for revocation is supported by a preponderance of the evidence and is otherwise valid. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). In other words, a single sufficient ground will support a court's order revoking community supervision. *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978). Consequently, when the State alleges the defendant violated numerous conditions of community supervision, proof of only one violation is necessary to support the trial court's decision to set aside an earlier order deferring adjudication and to adjudicate the defendant guilty of the charged offenses. *See Olabode v. State*, 575 SW3d 878, 880 (Tex. App.—Dallas 2019, pet. ref'd).

### B. Analysis

To prevail on appeal, an appellant must challenge all of the findings that support the revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). In the unauthorized use of a vehicle case, the State alleged appellant violated condition (a) of his community supervision three times by committing the offenses of aggravated sexual assault, obstruction/retaliation, and violation of a protective order and condition (l) of his community supervision by failing to complete the required community service hours. In the aggravated assault case, the State alleged appellant violated condition (a) of his community supervision three times by

–7–

committing the offenses of aggravated sexual assault, obstruction/retaliation, and violation of a protective order, condition (l) of his community supervision by failing to complete the required community service hours, and condition (s) of his community supervision by failing to participate in a domestic violence treatment program. The trial court found all of the State's allegations to be true. Here, appellant challenges the sufficiency of the evidence to support the trial court's findings only as to condition (l). Because appellant does not challenge the sufficiency of the evidence to support findings on condition (a) in his unauthorized use of a vehicle case and conditions (a) and (s) in his aggravated-assault, and any one of those findings is sufficient to support revocation, appellant cannot show that the trial court abused its discretion in revoking his community supervision. *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975).

Nevertheless, had appellant challenged the remaining findings of the trial court, we would conclude, for the reasons set forth herein that, at a minimum, the evidence is sufficient to support the trial court's finding appellant violated the laws of the State of Texas in that on or about September 10, 2019, he committed the offense of obstruction/retaliation, one of the alleged violations of condition (a) of appellant's community supervision.

A person commits the offense of obstruction or retaliation if the person intentionally or knowingly harms or threatens to harm another by an unlawful act (1) in retaliation for or on account of the services or status of another as a public

–8–

servant or (2) to prevent or delay the service of another as a public servant. TEX. PENAL CODE § 36.06(a). The record before us establishes that when the arrest decision was made, appellant became "very, very upset, belligerent, and extremely aggressive toward [Officer Martinez]. So much that he said he was going to kill [Officer Martinez] or have [him] killed." The record also establishes appellant is a member of the Gangster Disciples gang, and informed Officer Martinez that the gang kills police officers and that he would get the officer's name off of the court paperwork and have somebody find him and kill him. The record further establishes Officer Martinez was acting within his official duties as a public servant at the time appellant threatened him. Appellant's statement that he was going to have someone kill Officer Martinez is a threat, under section 42.07(a)(2) of the Texas Penal Code, to inflict serious bodily injury on or commit a felony against the hearer. PENAL § 42.07(a)(2); *see also e.g.*, *Meyer v. State*, 366 S.W.3d 728, 731 (Tex. App.— Texarkana 2012, no pet.).

Accordingly, the evidence is sufficient to show appellant violated condition (a) of his community supervision in that he violated the laws of the State of Texas by committing the offense of obstruction/retaliation on September 10, 2019. This ground alone is also sufficient to support the trial court's revocation of appellant's community supervision in both cases. *Jones*, 571 S.W.2d at 193–94. We overrule appellant's first and second issues.

## II.     Evidentiary Rulings

In issues three through six, appellant asserts the trial court abused its discretion in overruling his objections and admitting portions of the SANE report and J.B.'s medical records that identify appellant, directly or indirectly, as the person who perpetrated the assault against her, and the accompanying details of the assault.[2] More particularly, appellant contends those portions of the report and records are inadmissible hearsay and the prejudicial effect of same outweighed any probative value.  The State contends the complained of statements were admissible under an exception to the general exclusion of hearsay and the prejudicial effect of same did not outweigh any probative value.

### A. Standard of Review

We review a trial court's decision to admit or exclude evidence, as well as its decision as to whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice, for an abuse of discretion.  *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).  A trial court abuses its discretion if its decision lies outside the zone of reasonable disagreement.  *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018).  A decision lies outside the zone of

---

[2] The complained of statements in the SANE report reflect J.B.'s reporting her abduction and aggravated assault together with relaying appellant's statement threatening the police.

The complained of statement in J.B.'s medical records is:

> Patient reports being sexually assaulted on 0/10/2019 between 10:06p-10:45p. Patient reports that she knew her abuser, he is an ex-boyfriend, against whom she has a protective order.

reasonable disagreement when the trial court acts without reference to guiding rules and principles or acts arbitrarily and unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990).

**B. Applicable Law and Application of Law to Facts**

**1. Hearsay**

Hearsay is an out of court statement that a party offers to prove the truth of the matter asserted within the statement. TEX. R. EVID. 801(d). Hearsay is not admissible except as provided by statute, the rules of evidence, or by other rules prescribed under statutory authority. EVID. 802. Once the opponent of hearsay evidence makes the proper objection, it becomes the burden of the proponent of the evidence to establish that an exception applies that would make the evidence admissible in spite of its hearsay character. *Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008). There are numerous exceptions to hearsay, including an exception for statements made for, as are reasonably pertinent to, medical diagnosis or treatment and describes medical history, or past or present symptoms or sensations, their inception and their general cause. EVID. 803(4). This exception is based on the assumption that the patient understands the importance of being truthful with the medical personnel involved to receive an accurate diagnosis or treatment. *Franklin v. State*, 459 S.W.3d 670, 676 (Tex. App.—Texarkana 2015, pet. ref'd).

In this instance, the nurse testified that she became a sexual assault nurse in 2017 and since then she has seen over 60 sexual assault patients. She indicated that

–11–

she saw J.B. around September 11, 2019, and that the information she obtained from J.B., that is included in the patient history section of her report, and similar to what is in the medical records, was necessary for medical treatment and diagnosis. In addition to the nurse's testimony connecting J.B.'s statements to medical treatment and diagnosis, Texas Rule of Evidence 803(4), the exception to the rule against hearsay for statements made for medical diagnosis or treatment, explicitly includes statements of the inception or general cause of the symptoms and sensations, insofar as they are reasonably pertinent to diagnosis or treatment. EVID. 803(4). Accordingly, the identity of an offender falls within the ambit of the hearsay exception governing statements made for medical diagnosis or treatment because it is relevant to treatment, particularly in incest and family violence cases, insofar as it presents an environmental and safety issue that could frustrate diagnosis and treatment. *See Gutierrez v. State*, 630 S.W.3d 270, 280 (Tex. App.—Eastland 2020, pet. ref'd). Thus, a medical professional's testimony regarding a statement describing the assault and identifying a defendant as the offender in sexual assault case is admissible under rule 803(4) because the nature of cause of the injuries and the identity of the perpetrator are reasonably pertinent to medical diagnosis or treatment. *See Guzman v. State*, 253 S.W.3d 306, 308–309 (Tex. App.—Waco 2008, no pet.). We conclude that the trial court did not abuse its discretion in overruling appellant's hearsay objection to the SANE report and medical records relating to J.B.'s statements identifying appellant as the person who sexually assaulted her and

–12–

describing the assault.  EVID. 803(4).

## 2.  Rule 403

Appellant next argues that even if the evidence was relevant, its probative value was substantially outweighed by the danger of unfair prejudice.  We disagree. There is a presumption that relevant evidence will be more probative than prejudicial.  *See Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Rule 403, however, allows for the exclusion of relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.  EVID. 403.  All testimony and physical evidence are likely to be prejudicial to one party or the other.  *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010).  When conducting a Rule 403 analysis, courts consider: (1) the probative value of the evidence; (2) the potential for the evidence to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence.  *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012).

In the present case, appellant has not shown that J.B.'s statements to medical providers regarding the assault and identifying appellant as the perpetrator were *unfairly* prejudicial at all, much less overcome the presumption the evidence was more probative than prejudicial.  The SANE report and J.B.'s medical history were solely probative of the cause and extent of J.B.'s injuries and the consistency of her

–13–

statements made it more probable that the contact between appellant and J.B. was not consensual. Appellant has not identified any inference that might be drawn from the evidence other than one that is both relevant to the issue at hand and admissible. In all events, the complained of portions of the SANE report and medical records were short in comparison to the entirety of same. Because J.B. was deceased and unable to testify at trial, the State's need for this evidence was strong. Under these circumstances, we conclude the trial court did not abuse its discretion in overruling appellant's rule 403 objection.

### 3. Harm

Had the trial court erred in admitting the complained of statements, appellant's substantial rights were not affected by the admission of the same. *See* TEX. R. APP. P. 44.2(b). The court of criminal appeals has determined that substantial rights are not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the [fact finder], or had but a slight effect." *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). Here, any alleged error resulting from the admission of the SANE report and the medical records is harmless because a ground other than the assault of J.B. supports revocation of appellant's probation and adjudication of guilt and Officer Martinez was able to identify appellant and J.B. as the individuals he encountered on the night in question.

We overrule appellant third through sixth issues.

## III.    Reformation of Judgments

In issues seven through ten, appellant asks this Court to correct two inaccuracies in the judgments. The State agrees the judgments should be modified.

In the unauthorized use of a vehicle case, the judgment states "Terms of Plea Bargain (if any): 2 YEARS STATE JAIL." In the aggravated assault with a deadly weapon case, the judgment states "Terms of Plea Bargain (if any): 20 YEARS TDC." However, the record reflects that there was no plea bargain agreement in either case. There was no agreement to punishment, and sentencing was left to the discretion of the trial court.

Additionally, the judgment in each case lists Robin Pittman as the attorney for the State. However, the record from the adjudication hearing reflects that the attorney for the State was Blake Penfield.

We have the authority to modify an incorrect judgment when the evidence necessary to correct that judgment appears in the record. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.— Dallas 1991, pet. ref'd). We conclude the trial court's final judgments should be modified as follows:

In cause number F17-75151-I:

(1) "Terms of Plea Bargain (if any)" is modified to delete "2 YEARS STATE JAIL"; and

(2) "Attorney for State: Robin Pittman 24060427" is modified to read "Attorney for State:  Blake Penfield".

In cause number F17-75066-I:

(1) "Terms of Plea Bargain (if any)" is modified to delete "20 YEARS TDC"; and

(2) "Attorney for State: Robin Pittman 24060427" is modified to read "Attorney for State:  Blake Penfield".

We sustain appellant's seventh through tenth issues.

## CONCLUSION

The trial court's judgments, as modified, are affirmed.

The trial court is directed to prepare corrected judgments that reflect the modifications made in this Court's opinion and judgments in this appeal. *See Shumate v. State*, No. 05-20-00197-CR, 2021 WL 4260768, at \*4 (Tex. App.—Dallas Sept. 20, 2021, no pet.).

/David J. Schenck//
DAVID J. SCHENCK
JUSTICE

200902f.u05
200903f.u05
DO NOT PUBLISH
TEX. R. APP. P. 47

–16–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DANTONIO SENTELL HOOD,
Appellant

No. 05-20-00902-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F17-75151-I.
Opinion delivered by Justice
Schenck. Justices Osborne and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

(1) "Terms of Plea Bargain (if any)" is modified to delete "2 YEARS
STATE JAIL", and
(2) "Attorney for State: Robin Pittman 24060427" is modified to read
"Attorney for State: Blake Penfield."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 9th day of June, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANTONIO SENTELL HOOD,
Appellant

No. 05-20-00903-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F17-75066-I.
Opinion delivered by Justice
Schenck. Justices Osborne and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) "Terms of Plea Bargain (if any)" is modified to delete "20 YEARS TDC"; and
(2) "Attorney for State: Robin Pittman 24060427" is modified to read "Attorney for State: Blake Penfield."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 9th day of June, 2022.