

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00087-CR

---

PRESTON KEITH DWAYNE BERRY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 18th District Court
Johnson County, Texas
Trial Court No. DC-F202100919

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

A Johnson County jury found Preston Keith Dwayne Berry guilty of aggravated sexual assault of a child, K.N.,[1] and assessed a sentence of twenty-five years' imprisonment. On appeal,[2] Berry argues that the trial court erred by refusing to grant a continuance and by allowing witness testimony over Berry's objection that the State failed to provide adequate notice of its Article 38.37 witness, H.D.

Because Berry did not make a written, sworn motion for continuance, we find that he has waived his first issue for our review. We also find that the trial court did not abuse its discretion by allowing the State's Article 38.37 witness to testify. As a result, we affirm the trial court's judgment.

## I. Factual and Procedural Background

In the trial of certain sexual offenses against a child, Article 38.37 allows admission of evidence that the defendant committed other specified sexual offenses against children. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 1, 2 (Supp.). On December 20, 2022, the State filed a notice pursuant to Article 38.37 stating that it sought to introduce evidence that Berry "had sexual contact, including but not limited to sexual assault of a child and indecency with a child,

---

[1]We use initials to protect the identity of "any person who was a minor at the time the offense was committed." TEX. R. APP. P. 9.10(a)(3).

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

on more than once [sic] occasion with children including . . . H.D."[3]  The State's witness list contained H.D.'s name but did not provide her contact information.

On February 6, 2023, the day before trial, the State informed Berry's counsel that H.D. said she and Berry "had sex twice" in 2015 while H.D. was a minor.  This email contained H.D.'s address and phone number.  On February 7, 2023, the trial court held an Article 38.37 hearing.

At the hearing, H.D. testified that she met Berry when she was fifteen through a mutual friend and agreed to be his girlfriend.  H.D. said that she and Berry "had sex three times at [her] friend's house" before they broke up.  According to H.D., Berry told her that he was eighteen when he was actually twenty or twenty-one.  Berry objected to H.D.'s testimony on the grounds that, while she was listed as a witness, her address was reported as unknown.  As a result, Berry had only received H.D.'s contact information on the day before trial and was not able to contact her.  Berry argued that either the trial court should exclude H.D.'s testimony or grant a continuance to allow Berry "to develop a defense for this witness."

The State said it had provided Berry with H.D.'s contact information on the day before trial because "[t]hat was the first time that [its] investigator, Mark Goetz, was able to talk to [her]."  After Berry clarified that he knew of H.D., the trial court stated, "It's my understanding you did receive [contact information for H.D.] as soon as the State had it," and the court provided Berry with "a brief recess to do some follow-up."  The trial court also found that Berry did not disagree with its assessment that "the evidence that was presented from [H.D.], if it were

_____

[3]By separate email on December 20, the State notified Berry of H.D.'s full name.

3

admitted, would be adequate to support a finding of the jury that [an extraneous offense] was committed beyond a reasonable doubt."

The following morning, Berry said he had located an unnamed witness who could not testify at trial the following day "because she [kept] children in her home" and requested either a continuance or exclusion of H.D.'s testimony. The trial court denied the continuance and granted Berry a running objection to H.D.'s testimony but admitted it under Article 38.37.

At trial, over Berry's objection, H.D. informed the jury that when she was fifteen, she dated Berry, who was twenty, and they had sexual intercourse three times.

## II.    Berry Waived His Complaint About the Lack of a Continuance

"A criminal action may be continued on the written motion of . . . the defendant, upon sufficient cause shown[,] which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03. Further, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08. The Texas Court of Criminal Appeals has interpreted these statutes to mean that, "if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (quoting *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009)). In other words, "an unsworn oral motion preserves nothing for appeal." *Id.*; *see Anderson v. State*, 301 S.W.3d 276, 278–79 (Tex. Crim. App. 2009) (finding that there is no due process exception to the requirements of Articles 29.03 and 29.08).

Here, the clerk's record shows that Berry did not file a written or sworn motion for continuance with the trial court. As a result, we find that Berry's oral motion failed to preserve his complaint about the lack of a continuance. Because any error was unpreserved, we should not "address the merits of that issue." *Blackshear*, 385 S.W.3d at 591 (quoting *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009)). We overrule Berry's first point of error.

## III. The Trial Court Did Not Abuse Its Discretion by Admitting H.D.'s Testimony

In his last point of error, Berry complains about the admission of H.D.'s testimony. "We review a trial court's admission or exclusion of evidence for abuse of discretion." *Guzman v. State*, 253 S.W.3d 306, 308 (Tex. App.—Waco 2008, no pet.) (citing *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005)). "A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.* (quoting *McDonald*, 179 S.W.3d at 576).

Berry argues that the State did not provide notice under Article 38.37, which states, "The state shall give the defendant notice of the state's intent to introduce in the case in chief [extraneous-offense] evidence described by Section 1 or 2 not later than the 30th day before the date of the defendant's trial." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3 (Supp.). Here, the record shows that, on December 20, 2022, the State cited Article 38.37 in its written notice to Berry that it intended to introduce, during the guilt/innocence stage, extraneous-offense evidence that Berry "had sexual contact, including but not limited to sexual assault of a child and indecency with a child, on more than once [sic] occasion with children including . . . H.D." That notice was provided more than thirty days before the February 2023 trial.

5

Even so, on appeal, Berry argues that the State's "notice was insufficient . . . as it did not reference any specific act of sexual misconduct." Our review of the transcript shows that Berry failed to alert the trial court of a complaint about the Article 38.37 notice on the ground that it did not allege specific acts of sexual misconduct. Instead, the record shows that Berry argued only about the lack of H.D.'s address and phone number, but his brief does not provide an analysis of those complaints. To be preserved, a "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005); *see also* TEX. R. APP. P. 33.1; *Resendez v. State*, 306 S.W.3d 308 (Tex. Crim. App. 2009).

Because we find that the State provided timely notice under Article 38.37, we find no abuse of discretion in the trial court's decision to allow H.D.'s testimony. Further, we overrule Berry's complaint about the lack of specific allegations of sexual misconduct because it does not comport with his argument at trial and, as a result, was not preserved for our review.[4]

---

[4]Moreover, any error in the admission of H.D.'s testimony was harmless. Ordinarily, the child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07. Here, K.N. testified in detail about the acts of sexual abuse committed by Berry. H.D.'s testimony comprised only four pages of transcript, the trial court gave the proper extraneous-offense instructions in its jury charge, the charge redirected the jury to the main offense against K.N., and the State did not mention any offense against H.D. during closing argument.

## IV.    Disposition

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     December 7, 2023
Date Decided:      January 23, 2024

Do Not Publish

7